UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS L. MURPHY, *et al.*, | : | Case No. 3:11-cv-77 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JP MORGAN CHASE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER THAT: (1) DEFENDANT JP MORGAN CHASE BANK'S MOTION TO DISMISS (Doc. 20) IS GRANTED; (2) DEFENDANTS SELECT PORTFOLIO SERVICING INC. AND THE BANK OF NEW YORK'S MOTION TO DISMISS (Doc. 28) IS GRANTED; AND (3) THIS CASE IS CLOSED UPON ENTRY OF JUDGMENT**

This civil action is currently before the Court on: (1) Defendant JP Morgan Chase Bank's motion to dismiss (Doc. 20) and the parties' responsive memoranda (Docs. 31, 33, 34, 36); and (2) Defendants Select Portfolio Servicing, Inc. and The Bank of New York's motion to dismiss (Doc. 28) and the parties' responsive memoranda (Docs. 38, 39).

## I.  FACTUAL BACKGROUND

Plaintiffs Dennis and Robin Murphy commenced the present action *pro se*. The Murphys borrowed $123,250.00 and signed a promissory note on February 20, 1998 with Alternative Mortgage Source. (Doc. 28, Ex. A). The note was secured by a mortgage on the property known as 6493 Shull Road, Huber Heights, Ohio 45424 (the "Property"). The current holder of the note and assignee of the mortgage is The Bank of New York Mellon Trust Company, NA, fka The Bank of New York Trust Company, as successor to

J.P. Morgan Chase Bank, fka JPMorgan Chase Bank, as trustee, on behalf of the holders of Truman Capital Mortgage Loan Trust 2004-2 Asset-Backed Certificates, Series 2004-2 (the "Truman Trust"). The current servicer of the loan is Select Portfolio Servicing, Inc. ("SPS"). The prior trustee of the Truman Trust was JP Morgan Chase Bank.

Plaintiffs defaulted on the note, and the Truman Trust filed a foreclosure action in the Montgomery County Court of Common Pleas of Ohio in September, 2008. (Doc. 28, Ex. A). Both Dennis and Robin Murphy were served with a summons and a copy of the foreclosure complaint on September 30, 2008. (*Id*., Exs. B, C). The Murphys appeared in the foreclosure action, and filed what the court deemed to be an answer. (*Id.*, Ex. D). The answer did not assert insufficiency of service or insufficiency of service of process as a defense. (*Id.*)

The Truman Trust filed a motion for summary judgment in the foreclosure action on or about November 4, 2008. The trial court's docket reveals a letter relating to loss mitigation efforts which was deemed to be a response to the motion for summary judgment. On or about December 11, 2008, the Court granted the motion for summary judgment, and entered a Judgment Entry and Decree in Foreclosure. (Doc. 28, Ex. E). The Murphys then filed a motion to reopen and dismiss the case for lack of standing. (*Id*., Ex. F). The state court denied the motion on February 18, 2010. (*Id.*, Ex. G). The property proceeded to sale and the court confirmed the sale on March 12, 2010. (*Id.*, Ex. H). The Murphys filed a Notice of Appeal on March 15, 2010. (*Id.*)

The court of appeals ruled that the appeal related to both the granting of summary judgment and the order denying the Murphys' motion to reopen the dismissed the case. (Doc. 28, Ex. I).  The court of appeals then affirmed the trial court's decision against the Murphys, on both the motion for summary judgment and the Murphys' motion to reopen, and dismissed the case, finding the Murphys had waived the standing/real-party defense. (*Id.*)

After the trial court's judgment was affirmed, the Truman Trust commenced eviction proceedings against the Murphys.  The Murphys sought a stay of the eviction pending their appeal to the Supreme Court of Ohio, which stay the appellate court granted subject to certain conditions.  The Murphys failed to satisfy these conditions, and the Truman Trust is currently proceeding with the eviction.  The Supreme Court of Ohio declined to accept jurisdiction to hear the case on February 16, 2011.  The Supreme Court Judgment Entry was received by the Montgomery County Court of Appeals on March 7, 2011.  (Doc. 28, Ex. J).  The Murphys filed this action on March 15, 2011, after the Supreme Court of Ohio declined jurisdiction over the Murphys' appeal.

Plaintiffs' Complaint in the instant case discusses the circumstances of the loan and the underlying foreclosure action.  Although it is not entirely clear what claims Plaintiffs are attempting to assert, the Complaint appears to implicate the origination and servicing of their mortgage loan, and the propriety of the state court foreclosure action. The Complaint, given a liberal interpretation, appears to allege the following claims:

    (1) Misappropriation of Chapter 13 Bankruptcy payments (Doc. 1, Ex. 1 at 2, 4);

    (2) Misrepresentation to government officials and the state court (*id.*);

    (3) Noncompliance with some unknown federal law (*id.*);

    (4) Mortgage fraud against their loan officer (who is not a party) (*id.* at 2-3);

    (5) Improper conduct during loss mitigation efforts (*id.* at 3-4);

    (6) Fraudulent reporting of interest amounts to the IRS (*id.* at 4);

    (7) Mail fraud, (*id.*); and

    (8) Perjury related to ownership of the Note (*id.* at 4-5).

The relief requested appears to include damages for the taking of Plaintiffs' home in the foreclosure action. (*Id.* at 1, 7).

Defendants allege that the Complaint should be dismissed because: (1) this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); (2) the Complaint raised no federal question pursuant to 28 U.S.C. § 1331; (3) there is no showing of complete diversity pursuant to 28 U.S.C. § 1332; (4) the Complaint is barred by the Rooker-Feldman doctrine; and (5) the Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   STANDARD OF REVIEW

**A.   Fed. R. Civ. P. 12(b)(1)**

Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may consist of a "facial attack," under which the moving party asserts that the allegations of

the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which the court may consider evidence to determine if jurisdiction does exist. *O'Bryan v. Holy See,* 556 F.3d 361, 376-77 (6th Cir. 2009). In considering a factual attack, the court looks at evidence outside the pleadings, and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Moreover, even under a facial attack, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent dismissal. *O'Bryan*, 556 F.3d at 377.

**B.     Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a

motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

### III.   ANALYSIS

#### A.   Fed. R. Civ. P. 12(b)(1)

Under Rule 12(b)(1), this Court has held that a *pro se* plaintiff's complaint may be dismissed when it contains insufficient references to federal law and does not allege the facts necessary to support such a claim. *Rennick v. The Provident Bank*, Case No. 1:06cv820, 2008 U.S. Dist. LEXIS 19111, at *10-11 (S.D. Ohio Mar. 12, 2008) (granting defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction).[1] The Sixth Circuit has also dismissed a complaint for lack of subject matter jurisdiction where the complaint does not explain how the defendant violated any particular

---

[1] *See also Nail v. First Judicial Court Sys.,* No. 1:89CV1154, 1990 U.S. Dist. LEXIS 14437, at *5 (W.D. Mich. Oct. 26, 1990) (granting a defendant's motion to dismiss pursuant to Rule 12(b)(1) where a *pro se* plaintiff's complaint contained only a "generic" mention of federal law).

statute or regulation and the plaintiffs failed to plead specific facts forming the basis of subject matter jurisdiction. *Turner v. Metro. Savings Bank*, No. 98-3186, 1999 U.S. App. LEXIS 14089, at *3 (6th Cir. June 21, 1999) (upholding the district court's granting of defendant's motion to dismiss pursuant to Rule 12(b)(1)).

Federal question jurisdiction exists only if the civil action in question arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs do not purport to assert any claims under the Constitution, laws, or treaties of the United States. In the absence of a federal question, Plaintiffs only possible basis for jurisdiction is diversity of citizenship, whereunder the Court has original jurisdiction of all civil actions "between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

However, there is no dispute that Plaintiffs are citizens of the State of Ohio (Doc. 1, Ex. 1 at 1, 2, and 8 (identifying Plaintiffs as residents of Huber Heights, Ohio)), and it is also beyond dispute that Chase is a citizen of Ohio.[2] Because both Chase and Plaintiffs are citizens of the State of Ohio, complete diversity does not exist. Accordingly, this Court does not have subject matter jurisdiction over JP Morgan Chase.

---

[2] The Supreme Court has held that federally chartered national banks, which are not incorporated in any state "shall . . . be deemed citizens of the state in which they are respectively located" for diversity jurisdiction purposes. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 and 318 (2006). Moreover, a national bank is "located" in the state where its "main office" is located as designed in its organization certification and articles of association. Defendant JPMorgan Chase Bank is a citizen of Ohio. JP Morgan's Articles of Association state that "[t]he main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio.").

**B.     Rooker-Feldman Doctrine**

United States District Courts do not have jurisdiction to hear a challenge to a state court judgment, even if the challenge alleges that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Only the United States Supreme Court can exercise appellate jurisdiction over state court judgments. *See Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 474- 75. This well-established legal principle is known as the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine provides that a party to an adverse judgment in state court is barred from seeking what in substance would be appellate review of the state court judgment in a federal district court, based on a claim that the state court judgment violates his or her rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The primary inquiry is the source of the injury that is the subject of the federal complaint: if the source of the injury is the state court judgment, there is no federal jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

The Sixth Circuit Court of Appeals has clarified how to determine whether the source of the injury is the state court judgment such as to implicate the Rooker-Feldman doctrine. First, the Rooker-Feldman doctrine applies when the issue before the federal district court is inextricably intertwined with the issues addressed in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998). "Where federal relief can

only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293.  Thus, a party who loses in state court cannot file an action in federal district court seeking redress for an injury allegedly caused by the state court's judgment. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine applies when the federal court complaint specifically alleges that the law was invalidly or unconstitutionally applied to a particular plaintiff, as opposed to a general constitutional challenge to state law.  (*Id.*)  Thus, where the Rooker-Feldman doctrine applies, there is no federal district court jurisdiction over plaintiff's complaint.

The Rooker-Feldman doctrine precludes federal jurisdiction over Plaintiffs' Complaint in this case.  The allegations in the Complaint attack the validity of the state court judgment entered against Plaintiffs in the foreclosure action, and the Plaintiffs are essentially seeking an improper appeal to this Court.  Specifically, Plaintiffs' claims relate to misapplication of payments, inconsistent statements made during loss mitigation efforts, alleged violations of "federal law," that the loan was obtained through fraud by their loan officer, perjury in the state court action related to Defendants' alleged lack of ownership of the loan when it filed the foreclosure action, misrepresentation to government officials and the state court, fraudulent reporting of interest amounts to the IRS, and mail fraud during the prior foreclosure.  These are all issues inextricably intertwined with the foreclosure proceedings and constitute arguments that the state court was wrong in entering judgment.

(*See* Doc. 1, Ex. 1).  Additionally, the Complaint clearly focuses on Plaintiffs' specific circumstances, and does not in any way present a general constitutional challenge to Ohio's foreclosure laws.  Plaintiffs essentially seek to overturn the state Court foreclosure judgment.  Under the Rooker-Feldman doctrine, this Court lacks jurisdiction to consider Plaintiffs' claims.[3]

### C. Fed. R. Civ. P. 12(b)(6)

Even if this Court had jurisdiction over Plaintiffs' Complaint, which it does not, Defendants would still prevail on their motions to dismiss, because the Complaint fails to state a claim.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *Iqbal* emphasized that conclusory statements and allegations in a plaintiff's complaint are to be rejected in considering a motion to dismiss.  *Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.").

---

[3] Even if this Court found that it had jurisdiction, Plaintiffs' claims are also barred by the doctrine of res judicata because they could have and should have raised the present claims in their Complaint in the previous state court foreclosure action.  "Res judicata may bar any claims over which the federal courts have jurisdiction, including both claims of injuries caused by state court judgments and general challenges to state statutes.  Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738).

Secondly, even when a complaint contains well pleaded factual matter, the facts pleaded must establish a "plausible" claim for relief to survive a motion to dismiss.  *Id*. at 1950 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  "Plausibility" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 1950 (citation omitted).  A complaint that pleads nothing more than the "mere possibility" of misconduct does not pass muster under Federal Rule of Civil Procedure 8(a)(2).

Courts are permitted to dismiss an action when the nature of a *pro se* plaintiffs' claim "defies comprehension."  *Jones v. Ravitz*, Case No. 07-10128, 2007 U.S. Dist. LEXIS 19206, at *2, *12 (E.D. Mich. Feb. 22, 2007).  For example, in *Jones v. Ravitz*, the *pro se* plaintiffs' complaint alleged that a real estate attorney violated the Fair Debt Collection Practices Act.  *Id*. at *8.  Plaintiffs filed a number of documents with the court, in which the court was unable to find any basis in law or logic as to plaintiffs' claims because the filings were "nothing more than a stream of incoherent ramblings."  *Id*. at *11.  The court granted defendant's motion to dismiss pursuant to Rule 12(b)(6).  Similarly, in the instant case, Plaintiffs' allegations amount to nothing more than "incoherent ramblings."

Even taking Plaintiffs' allegations in the Complaint as true and in the light most favorable to them, they have failed to provide any direct or inferential allegations sufficient to support the material elements necessary to sustain a claim.

## IV. CONCLUSION

Accordingly, based on the foregoing: (1) Defendant JP Morgan Chase's motion to dismiss (Doc. 20) is **GRANTED**; (2) Defendants Select Portfolio Servicing, Inc. and The Bank of New York's motion to dismiss (Doc. 28) is **GRANTED**; (3) Plaintiffs' motion to voluntarily withdraw the accusation of mail fraud (Doc. 32) is **DENIED** as **MOOT;** (4) judgment shall be entered accordingly**;** and (5) this case is **CLOSED**.

    **IT IS SO ORDERED.**

Date:   12/8/11

                                                    _Timothy S. Black_
                                                    Timothy S. Black
                                                    United States District Judge