UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS L. MURPHY, *et al.*, | : | Case No. 3:11-cv-77 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| JP MORGAN CHASE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFFS'
MOTION TO SET ASIDE JUDGMENT (Doc. 43)**

This civil action is currently before the Court on *pro se* Plaintiffs' motion to set aside judgment. (Doc. 43). Defendants did not respond.

**I.  BACKGROUND FACTS**

On December 8, 2011, this Court issued a Judgment and Order finding that it lacked subject matter jurisdiction over Defendant JP Morgan Chase and that the Rooker-Feldman doctrine precluded federal jurisdiction over Plaintiffs' Complaint. (Doc. 41 at 7, 10). Subsequently, Plaintiffs filed the instant motion requesting that this Court set aside judgment.

**II.  STANDARD OF REVIEW**

A motion to reconsider filed more than ten days after the entry of judgment is treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b). The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. Thus, relief under Rule 60(b) is "extraordinary and may only be granted in

exceptional circumstances." *Beamer v. Bd. of Crawford Twp. Trs.*, Case No. 2:09cv213, 2010 U.S. Dist. LEXIS 28400, at *5 (6th Cir. Mar. 24, 2010). Rule 60(b) provides that relief may be granted only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.[1]

### III. ANALYSIS

Plaintiffs argue that the Court failed to address liability and proceed to discuss the substantive merits of their case, including their "credible proof." (Doc. 43 at 2). However, as this Court held in its Order and Judgment, it cannot address these substantive issues without jurisdiction. The Court may not consider the merits of a case unless subject matter jurisdiction exists. *Patterson v. Haskins,* 470 F.3d 645 (6th Cir. 2006) (a

---

[1] In the Sixth Circuit, relief from judgment under Rule 60(b)(6) – the catch-all provision – is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

federal court without subject matter jurisdiction cannot consider the merits of a case and may not assume subject matter jurisdiction arguendo to reach the merits). The existence of subject matter jurisdiction is a threshold issue. *Mair v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Federal question jurisdiction exists only if the civil action in question arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs do not purport to assert any claims under the Constitution, laws, or treaties of the United States. In the absence of a federal question, Plaintiffs only possible basis for jurisdiction is diversity of citizenship, whereunder the Court has original jurisdiction of all civil actions "between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). However, there is no dispute that Plaintiffs are citizens of the State of Ohio and Defendant Chase is a citizen of Ohio. Because both Chase and Plaintiffs are citizens of the State of Ohio, complete diversity does not exist and this Court does not have subject matter jurisdiction. (*See* Doc. 41 at 7). Moreover, the Rooker-Feldman doctrine precludes federal jurisdiction, as the allegations in the Complaint attack the validity of a state court judgment. (*Id.* at 9-10).

As jurisdiction is a threshold issue, the Court will not consider the substantive arguments raised by Plaintiffs in their motion to set aside judgment.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Plaintiffs' motion to set aside judgment (Doc. 43) is **DENIED**.

**IT IS SO ORDERED**.

Date: March 12, 2012 　　　　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge