# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DENNIS L. MURPHY, *et.al.*, | : | Case No. 3:11-CV-77 |
| Plaintiffs, | : | |
| | | District Judge Timothy S. Black |
| | | Magistrate Judge Michael J. Newman |
| -vs- | : | |
| JP MORGAN CHASE, *et.al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION THAT PLAINTIFFS' SECOND MOTION TO SET ASIDE JUDGMENT (DOC. 47) BE DENIED

This civil action is currently before the Court on *pro se* Plaintiffs' second motion to set aside judgment, filed on April 5, 2012. (Doc. 47). On April 27, 2012, Defendants filed a memorandum in opposition (doc. 51), and on June 19, 2012 Plaintiffs filed a reply brief (doc. 52). This matter is now ripe for Report and Recommendation.

**I.**

On December 8, 2011, the Court dismissed Plaintiffs' complaint after granting Defendants' motions to dismiss. (Doc. 41). On February 15, 2012, Plaintiff filed a motion to set aside the Court's judgment. (Doc. 43). The Court denied Plaintiffs' motion to set aside judgment (doc. 43) on March 12, 2012, finding that subject matter jurisdiction is nonexistent in this matter. (Doc. 46).

Thereafter, Plaintiffs filed their second motion to set aside judgment, which is presently before the Court and the subject of this Report and Recommendation.

## II.

At the outset, the Court notes that Plaintiffs' second motion to set aside judgment, which the Court liberally considers to be a Fed. R. Civ. P. 60(b) motion for relief from judgment, is virtually identical to Plaintiffs' first motion to set aside judgment. (*Cf.* docs. 43, 47). In their second motion, Plaintiffs repeat verbatim six of the seven paragraphs presented in their first motion. (*Id.*) The Court considered those exact arguments before, and rejected them on jurisdictional grounds. (Doc. 46). Moreover, there is no need to repeat the Court's analysis here.

In the only paragraph that differs from their first motion, Plaintiffs make no viable argument which would change this Court's previous ruling that subject matter jurisdiction does not exist in this case. (*See* doc. 47, at PageID 531). Plaintiffs have not provided the Court with any basis upon which to conclude that the Court has committed reversible error, and have not set forth any new facts or argument which could possibly entitle them to relief under Fed. R. Civ. P. 60(b). Although Plaintiffs are clearly dissatisfied with the Court's jurisdictional finding and have twice asked this Court to reconsider such finding, the Sixth Circuit has long recognized that "Rule 60(b) is not a substitute for a timely appeal." *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 687 (6th Cir. 1999) (internal quotations omitted).

## III.

Based upon the foregoing, the Court **RECOMMENDS** that Plaintiffs' second motion to set aside judgment (doc. 47) be **DENIED,** and that this case be **CLOSED**.

August 23, 2012                                                    s/**Michael J. Newman**
                                                                        United States Magistrate Judge

2

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections. If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).